```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/31/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LAWRENCE YOUNG, and on behalf of all
other persons similarly situated,

                                Plaintiff,

-against-                                Index No.: 1:18-cv-03071-PGG

COMBINED LIFE INSURANCE
COMPANY OF NEW YORK and CHUBB
GROUP HOLDINGS, INC.,

                                Defendants.
----------------------------------------------------------x

## CONSENT DECREE

1.     This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 11, by and between the following parties: Plaintiff Lawrence Young ("Plaintiff"), and Defendants, Combined Life Insurance Company of New York and Chubb Group Holdings, Inc. ("Defendants"). Plaintiff and Defendants shall hereinafter be collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2.     Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

1

3. On or about April 6, 2018, Plaintiff filed this lawsuit in the U.S. District Court for the Southern District of New York entitled *Lawrence Young v. Combined Life Insurance Company of New York and Chubb Group Holdings, Inc.* (Docket No. 1:18-cv-03071-PGG) (the "Action"). The Plaintiff alleged that Defendants' websites, combinedinsurance.com and combinedinsurance.com/us-en/ (the "Websites"), are not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

4. Defendants expressly deny that the Websites violate any federal, state or local law, including the ADA, NYSHRL, NYSCRL, and the NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendants do not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6. The Parties have entered into a separate Confidential Settlement Agreement, that shall remain at all times confidential, subject to the terms therein and except for those limited portions set forth in this Consent Decree.

7. This Consent Decree is entered into by the Plaintiff, individually.

### JURISDICTION

8. Plaintiff alleges that Defendants are private entities that own and/or operate the Websites, which are available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendants' Websites are a service, privilege, or advantage of the Defendants' physical locations, thus

2

rendering them public accommodations subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendants deny that their Websites are public accommodations or places of public accommodation or are otherwise subject to Title III of the ADA.

9. This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

10. Plaintiff and Defendants agree that it is in the Parties' best interests to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby AGREE to the following for the purposes of this Consent Decree:

## DEFINITIONS

11. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendants' position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendants have used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 17 through 20 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendants to undertake efforts whose cost, difficulty or impact on Defendants' Websites could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Websites - as though they are collectively a

3

standalone business entity, or which could result in a fundamental alteration in the manner in which Defendants operate their Websites – or the primary functions related thereto, or which could result in a loss of revenue or traffic on their Website-related operations.

## TERM

13. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) twenty-four (24) months from the Effective Date; or (b) the date, if any, that the regulations are adopted in the Department of Justice's anticipated proposed regulations for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

14. Pursuant to the terms of this Consent Decree, Defendants:

   a. Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through their Websites as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a). This shall only apply to the United States-facing portions of the Websites;

   b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through their Websites as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b). This shall only apply to the United States-facing portions of the Websites; and

4

> c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through their Websites as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303. This shall only apply to the United States-facing portions of the Websites.

## COMPLIANCE WITH TITLE III OF THE ADA

15. Web Accessibility Conformance Timeline: Defendants shall enhance the accessibility of the United States-facing portions of the Websites (or any successor websites) according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

> a. Within twenty-four (24) months of the Effective Date, the Defendants shall enhance the accessibility of the United States-facing portions of the Websites using the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA").
>
> b. Defendants shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendants, but are otherwise located on the Websites or linked to from the Websites, are accessible or otherwise conform to WCAG 2.0 AA.

5

## SPECIFIC RELIEF TO PLAINTIFF

16. Specific Relief: The Plaintiff and the Defendants have agreed, without any admissions of liability or wrong-doing, to settle all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters, relating to any alleged inaccessibility of the Websites through a separate agreement (the "Settlement Agreement") hereby incorporated by reference into this Consent Decree. The Settlement Agreement shall be provided to the Court *In camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

17. The procedures set forth in Paragraphs 17 through 20 must be exhausted in the event that (i) Plaintiff alleges that Defendants have failed to meet their obligations pursuant to this Consent Decree or (ii) Defendants allege that there is a criterion of WCAG 2.0 AA with which they cannot substantially comply as set forth herein. There will be no possible breach of this Consent Decree by Defendants in connection with such allegations until the following procedures have been exhausted.

18. If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. Plaintiff will notify Defendants in writing after the dates for compliance set forth herein if Plaintiff

believes that the Websites are in any way not compliant with this Consent Decree. Defendants will notify Plaintiff in writing if they believe there is a criterion of this Consent Decree with which it cannot substantially comply. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 22.

19. Within thirty (30) days of either Party receiving notice as described in Paragraph 17, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

20. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 18, the Parties will each have an additional thirty (30) days to select an expert, and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised, based on whether a person who has a disability and uses screen reader software and has average screen reader competency can adequately utilize the Websites.

21. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (versions of which are then currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendants fail to remedy the issue using Reasonable Efforts within a reasonable period of time (not less than ninety (90) days) of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the

7

items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendants shall not be obligated to remedy that item.

22. Any of the time periods set forth in Paragraphs 17 through 20 may be extended by mutual agreement of the Parties.

23. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For PLAINTIFF:	Bradly G. Marks, Esq.
	The Marks Law Firm, PC
	175 Varick Street, 3rd Floor
	New York, NY 10014
	Email: Brad@markslaw.com
	Phone: 646-770-3775
	Fax: 646-867-2639

For DEFENDANTS:	Joseph J. Lynett, Esq.
	JACKSON LEWIS P.C.
	44 South Broadway, 14th Floor
	White Plains, New York 10601
	Tel: (914) 872-6888
	Fax: (914) 946-1216
	Joseph.Lynett@jacksonlewis.com

## MODIFICATION

24. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

8

25.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York without reference to its choice of law principles.

26.     This Consent Decree contains the entire agreement of the Plaintiff and the Defendants concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

27.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

### PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

28.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with a disability as defined by the ADA, including those who utilize a screen reader to access the Websites, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

29.     The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendants, to this Consent Decree.

### CONSENT DECREE HAS BEEN READ

30.     This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed

freely by each Party executing it. Each Party had an opportunity to consult with its counsel prior to executing the Consent Decree.

LAWRENCE YOUNG

Dated: 9/4/2018 10:28:04 AM PDT

By: *Lawrence Young*
Lawrence Young

COMBINED LIFE INSURANCE COMPANY OF NEW YORK

Dated: 10/03/2018

By: _____

Director, Digital Marketing

Its: Daniel J. Dykstra

CHUBB GROUP HOLDINGS, INC.

Dated: 10/08/2018

By: Juliet Schweidel

Its: Assistant Secretary

APPROVED AS TO FORM AND CONTENT:

THE MARKS LAW FIRM, PC

Dated: 9/4/18

By: _____
Bradly G. Marks, Esq.
175 Varick Street, 3rd Floor
New York, NY 10014
Attorneys for Plaintiff

10

Dated: 10/9/18

JACKSON LEWIS, P.C.

By: _____
Joseph J. Lynett, Esq.
44 South Broadway, 14th Floor
White Plains, NY 10601
Attorneys for Defendants

11

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1) This Court has personal jurisdiction over Plaintiff and Defendants for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendants of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendants;

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED in Chambers at New York, New York this 31st day of October, 2018. The Clerk of Court is directed to close this case.

_____
UNITED STATES DISTRICT JUDGE

Cc: Counsel of record via CM/ECF